UNITED STATES FIDELITY AND GUARANTY COMPANY
*vs.* THE NEW YORK, NEW HAVEN AND HARTFORD
RAILROAD COMPANY.

First Judicial District, Hartford, May Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

After the plaintiff insurer had paid its assured's employee workmen's
compensation for injuries resulting from a collision between the
assured's truck and defendant's train, the defendant, with knowl-
edge that the injuries were compensable, paid the employee a
larger sum in settlement of his claim against it for alleged negli-
gence.  The plaintiff then brought this action under § 2 of Chapter
306 of the Public Acts of 1921, claiming a statutory right to re-
cover from the defendant the amount of compensation which the
plaintiff had paid to the employee.  The trial court rendered judg-
ment for the plaintiff on the theory that the settlement had created
an equitable lien in favor of the plaintiff upon the sum which the
defendant agreed to pay the employee.  *Held:*—
1. That the plaintiff could not recover, since, under the statute, a
condition precedent to the plaintiff's right to reimbursement was
the establishment of legal liability on the part of the defendant
for the employee's injuries—a fact which was not proven or even
evidenced by the defendant's voluntary settlement with the
employee.
2. That the trial court's theory was erroneous, *first*, because the purpose
of an equitable lien is to do equity, whereas the result in this in-
stance would be inequitable and, *second*, because a statutory obliga-
tion can never be set aside on the ground of equitable considera-
tions.
Whether an insurer can maintain an action against a third party under
the statute in his own name and in the place of the employer, being
unnecessary to the decision of this case, is left undecided.

Argued May 7th—decided July 11th, 1924.

ACTION to recover the amount paid by the plaintiff
under its policy of compensation insurance issued to an
employer, for an injury sustained by one of his em-
ployees, brought to and tried by the Superior Court
in Hartford County, *Maltbie, J.;* facts found and judg-

ment rendered for the plaintiff for $1,245, and appeal by the defendant. *Error; judgment to be entered for defendant for costs.*

*James W. Carpenter*, with whom was *Harry L. Filer*, for the appellant (defendant).

*A. Storrs Campbell*, for the appellee (plaintiff).

WHEELER, C. J. The plaintiff, legally authorized, issued to A. W. Byrne & Son of Hartford, a compensation policy insuring them against claims made by employees for injuries or death caused under circumstances arising out of and in the course of their employment. On August 2d, 1922, one Tromba, in the employ of A. W. Byrne & Son, suffered injuries arising out of and in the course of his employment, in a collision between a truck he was riding on and a train of defendant railroad. Tromba made a claim for compensation against his employer, A. W. Byrne & Son, and pursuant to its policy of insurance and with the approval of the Compensation Commissioner, the plaintiff paid Tromba $1,192.15, being compensation up to April 26th, 1923. On April 2d, 1923, Tromba and the defendant entered into an agreement to compromise his claim against the defendant for his injuries received in the collision, and defendant paid Tromba $2,200 in settlement thereof. At the time of this settlement, defendant knew that Tromba was an employee within the terms of the Compensation Act so that compensation was due or being paid to him. On April 16th, 1923, defendant notified plaintiff that Tromba's claim against it had been settled on April 2d, 1923.

The trial court reached the conclusion that "upon the defendant's payment to Tromba of the fund provided in the aforesaid agreement, defendant became

liable to reimburse the plaintiff under the Compensation Act as amended, for any and all sums of money which plaintiff had paid Tromba before its notice of the defendant's payment." Whether the trial court was correct in this conclusion is the decisive point of this appeal. The solution of this problem is dependent upon the construction to be given to § 2 of Chapter 306 of the Public Acts of 1921. This statute, then § 2 of Chapter 288 of the Public Acts of 1915, and unchanged except by the addition, "no compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him," was before us for construction in *Rosenbaum* v. *Hartford News Co.*, 92 Conn. 398, 103 Atl. 120. We quote the essential part of the section in the footnote.

---

Chapter 306, § 2, of the Public Acts of 1921: "When any injury for which compensation is payable under the provisions of chapter 284 of the general statutes shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of said chapter 284, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or by award having become obligated to pay, compensation under the provisions of said chapter 284 may bring an action against such other person to recover any amount that he has paid or by award has become obligated to pay as compensation to such injured employee; provided, if either such employee or such employer shall bring such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action, within thirty days after such notification, and if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In the event that such employer and employee shall join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer shall take precedence over that of the injured employee, and if the damages shall not be sufficient, or shall be only sufficient to re-

We then held that it gives to the employee or the employer who has paid, or by award become obligated to pay, compensation, a right of action against the tort-feasor in his own name, with the right to each to notice and an opportunity to join in the action. It provides that in an action by the employer, or one in which the employer is joined with the employee, the damages recovered shall be apportioned, first, to pay the employer the award for compensation he has paid or become obligated to pay, with a reasonable allowance for an attorney fee, and for costs; the excess, if any, to be assessed in favor of the injured employee. The statute does not require the injured employee to claim compensation before he sues the third party, nor does it prevent the employer from joining in such an action before he has by award become obligated to pay compensation. Whether the employee recovers judgment against the third party, or releases him by a settlement made during the action, in either case, the judgment or settlement operates to discharge the employer, if it equals, or *pro tanto* if it does not, the award paid or obligated to be paid by the employer. If, before suit, the employee effects a settlement, the employer may ratify it and be thereupon discharged *pro tanto*. In the *Rosenbaum* case, the employee had released, by a settlement, a third party, primarily liable to pay damages to the injured employee, and sought in his action to recover compensation of the employer. We held

inburse him for the compensation which he has paid, or by award has become obligated to pay, with a reasonable allowance for an attorney's fee to be fixed by the court, and his costs, such damages shall be assessed in his favor; but if the damages shall be more than sufficient to reimburse him, damages shall be assessed in his favor sufficient to reimburse him for the money he has paid, with a reasonable allowance for an attorney's fee to be fixed by the court, and his costs, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him."

that the employee's right to compensation was satisfied by the payment made by the third party *pro tanto*. Our holding was based upon our construction of the statute as imposing upon the tort-feasor primary liability for the injury. The contract of release assumed, as we held, so far as the claimant employee was concerned, the existence of a legal liability on the part of the third party and his legal relation to the sum paid was that it was received in partial satisfaction of a valid claim for damages.

· The case now before us is one where, after receipt of compensation, the employee effected a settlement of his claim without the knowledge of his employer, for the legal liability of the defendant railroad for the injury for which compensation was obtained, and the employer is seeking to be reimbursed by the third party for the compensation paid by it to the injured employee.

Action by the employer against the defendant railroad, by express provision of this statute, will only lie in a case "when any injury for which compensation is payable . . . shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto." By necessary implication this statute gives a right of action to employee and to employer against defendant railroad for injuries legally caused by it, and denies such action when the defendant did not legally cause the injuries. The section not only accords to the employer an action against such third person, but gives to him a preferential right of reimbursement of compensation paid by him, in the recovery by suit or settlement by the injured employee. The "compromise" addition to this section made in 1921, which we have already quoted, does not affect the questions of liability and damage. The compromise must be assented to in order to bind the employer. His right to adjudicate the ques-

tions of liability and damage remain, despite the compromise, by the express terms of this addition to the statute. Defendant's settlement with the employee cannot be taken as an acknowledgment by it of its legal liability. The law favors a settlement of disputes; a defendant might be ready to pay a substantial sum rather than to litigate his liability. The mere fact that the defendant has secured a release by the employee from liability for injuries to him, or paid him damages, is not an adjudication of the legal liability of the defendant, nor even evidence of legal liability. The statute itself makes the legal liability of this defendant a condition precedent to its obligation to pay damages. An expression in the *Rosenbaum* case indicates that we then had this view, for we say: "The written contract [referring to the release of a third party by an employee injured by him] does not, of course, establish the legal liability of the railroad company, nor can that be done in a proceeding to which the railroad company is not a party."

The form of our statute differs from that of most States; in many, however, the employer who has paid compensation is subrogated to the rights of the employee against the tort-feasor who is responsible for the injury to him. These Acts rest the right of subrogation upon the legal liability of the third person to pay damages in respect to the injury to the employee. "This 'legal liability,'" the Supreme Court of Michigan says, "arises where such other person is guilty of negligence, and unless a legal liability for negligence is made out the plaintiff cannot recover." *Grand Rapids Bedding Co.* v. *Grand Rapids Furniture Temple Co.,* 218 Mich. 486, 489, 188 N. W. 538. See also *Fidelity & Casualty Co.* v. *Cedar Valley Electric Co.,* 187 Iowa, 1014, 174 N. W. 709; *Carslon* v. *Minneapolis St. Ry. Co.,* 143 Minn. 129, 173 Mo. 405. In these and other statutes the

employee's right to maintain an action for damages against the tort-feasor rests upon his legal liability for the injury.

*Renner* v. *Model Laundry C. & D. Co.*, 191 Iowa, 1288, 184 N. W. 611, presents a case like the one at bar, and one under a compensation Act similar to our own in the particular of providing for a right of action against the third party for injury to an employee under circumstances creating legal liability. It was held in this case that the employer was not entitled to the benefit of the payment by way of settlement with the employee until the legal liability of the third party had been judicially established or assented to by the third party. See also *Book* v. *City of Henderson*, 176 Ky. 785, 197 S. W. 449.

In one part of its brief, the plaintiff says that the addition to § 2 in the Act of 1921, regarding compromise, gives expression to the law as laid down in the *Rosenbaum* case. This we conceive to be a correct diagnosis of that decision. In a later part of the brief, plaintiff argues that this addition to the Act of 1921 has settled the issue of legal liability. "The fact," it argues, "that he [it] did pay as a *result of a claim* made against him [it] brings him [it] of his [its] own volition within the terms of the act and establishes his [its] obligations to the plaintiff and the correlative rights thereto belonging to the plaintiff." It is true that we held in the *Rosenbaum* case that the claimant-employee could not deny that the money paid him was in partial satisfaction of his claim of legal liability in an action brought by him for compensation, but that is quite a different situation from that of an employer seeking to recover damages from a tort-feasor who has paid in settlement for its negligent injury of an employee to whom the employer has paid compensation for the injury. In the one case the employee has secured the compromise

upon the claim of defendant's legal liability; in the other case the tort-feaser may have made a settlement to avoid litigation and been conscious at the time that the terms of this statute made proof of his legal liability a condition precedent to a recovery by the employer against him.  If an action could be sustained against the defendant as a tort-feasor, under the circumstances of this case, it would be maintained without the defendant having had an opportunity to have had its legal liability for the injuries to the employee of the employer determined by a legal adjudication.  The defendant would thus pay damages and lose its property without having had the right to be heard upon the question of its legal liability.  This could not be done.  "The plaintiffs' rights of property," we say, "were involved, and could not be injured or destroyed save by 'due course of law,' after hearing had and opportunity given to be heard."  *Hartford Trust Co.* v. *West Hartford*, 84 Conn. 646, 650, 81 Atl. 244.  The legal theory of the trial court's decision was that the settlement effected created an equitable lien in favor of the employer in this fund.  The result would not do equity, hence the foundation of an equitable lien is absent.  The employer's right against the defendant, as we have seen, depended upon his ability to establish the tort-feasor's legal liability.  We perceive no equitable considerations for relieving the employer from his statutory obligation of proving the defendant's legal liability for this employee's injuries, and could not permit a statutory obligation to be set aside whatever equitable considerations might be present.

The parties have acquiesced in the right of the plaintiff insurer to stand in the place of the employer and maintain an action against the defendant as a tort-feasor of this employee.  Inasmuch as we have found that the plaintiff, even though the statute gives it the

right to sue the tort-feasor, has no right to the fund paid this employee by the defendant by way of settlement until it has established defendant's legal liability for the employee's injuries, we find no occasion to determine whether the statute gives the plaintiff insurer a cause of action against the defendant, provided it had established defendant's legal liability to the employee, and leave that question undecided.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for costs in favor of the defendant.

In this opinion the other judges concurred.