22204. TRAVELERS INSURANCE CO. *et al. v.* LUCKEY.

594

Decided February 18, 1933.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Pottle, Farkas & Cobb,* contra.

Stephens, J. Willie Luckey, while in the employ of the Hand Trading Company, received an injury for which he was entitled to compensation in the total sum of $840, unless this sum was subject to reduction by virtue of the provisions of section 2 (d) of the workmen's compensation act as amended (Ga. L. 1922, p. 185), which provides for the reduction of compensation payable to an injured employee by the amount of damages recovered by him against a third person as a tort feasor for the injuries sustained. Luckey, through his attorneys, after receiving the injuries complained of, entered into an agreement, without having filed suit, with the Georgia Light and Power Company, whose negligence it was claimed caused the injuries, by which the claim was settled for the sum of $750, which the power company paid. One half of this sum, viz. $375, was paid by Luckey to his attorneys as a fee for their services in effecting the settlement. The industrial commission, instead of reducing the compensation of $840 by the entire sum of $750 which Luckey had received in settlement of his claim against the power company, as the insurance carrier and the employer contended should be done, reduced the compensation by the amount which Luckey had received from the power company, less the amount paid by him to his attorneys who had represented him in the settlement, which was $375, and entered an award for the difference between $840 and $375, viz. $465. On appeal to the superior court by the insurance carrier and the employer, this award was affirmed. To this judgment of affirmance they except, in a bill of exceptions brought to this court.

The workmen's compensation act as amended (Ga. L. 1922, p. 185) provides in section 2 (d) as follows: "when an employee coming under the provisions of this Act receives an injury for which compensation is payable under this Act and which injury was caused

under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee, or beneficiary, may take proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this Act shall be reduced by the amount of damages recovered. If the employee, or beneficiary of the employee in such case recovers compensation under this Act, the employer by whom compensation was paid, or the party who has been called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation." Before the amendment to the workmen's compensation act providing for a reduction in compensation where the injured employee had recovered against a third person as a tort feasor damages for the injury, there could be no such reduction of compensation, and the injured employee was entitled to the full amount of compensation payable under the act as well as the full amount of damages which he was entitled to recover from the third person as a tort feasor whose act caused the injuries complained of. *Atlantic Ice & Coal Co.* v. *Wishard,* 30 *Ga. App.* 730 (119 S. E. 429). The authority for the reduction of the compensation payable to the injured employee, as provided in the workmen's compensation act, is contained in the amendment referred to.

Where a benefit is conferred by statute, a subsequent statute curtailing the benefit should be strictly construed in favor of the beneficiary. So where the compensation act provided the amount of compensation to be paid for described injuries received by an employee coming under the act, the subsequent amendment to the act, reducing the amount of compensation provided for, should be strictly construed in favor of the employee, and the amount of compensation should not be reduced except in cases coming strictly within the terms of the provision of the amendment providing for the reduction. The amendment providing for the reduction of compensation provides that where an employee has received an injury for which he is entitled to compensation under the act and also for which a third person is under a "legal liability" to him in damages as a tort feasor, the employee "may take proceedings both against that person to recover damages and against the employer

for compensation, but the amount of compensation to which he is entitled under this act shall be reduced by the amount of damages recovered." This amendment, by the clear import of its terms, and as strictly construed in the interest of the employee, provides that the amount of damages which may be set off against the compensation, and by which the compensation may be reduced, is the amount of damages which the third person, whose act caused the injuries, is under a "legal liability" to pay to the employee, and is such an amount of damages as is "recovered" in "proceedings . . against that person [the third person as tort feasor] to recover damages." The amount of damages which, under this amendment, can be set off against the compensation must be such as arises by virtue of a "legal liability." The damages necessarily being unliquidated, and such as arise only ex delicto, and not ex contractu, the "legal liability" of the third peron whose act was responsible for the damages can be determined only by an adjudication in a court of law. Therefore "proceedings . . to recover damages" against the person who has incurred a "legal liability" to the employee for the injuries received must necessarily be proceedings in a court of law, and "the amount of damages recovered," which reduces the compensation of the injured employee, must be only such damages as are recovered in "proceedings" in a court of law, where the "legal liability" of the person whose act inflicted the damage must be adjudicated.

In United States Fidelity &c. Co. *v.* New York, New Haven & Hartford R. Co., 101 Conn. 200 (125 Atl. 875), where an injured employee had been paid compensation by the employer's insurer, and had also received from a railroad company, in settlement of his claim against the company, a sum in excess of the compensation paid, the court held, where the compensation act contained a provision similar to that here quoted from the Georgia statute, that the insurer, as the plaintiff in a suit against the railroad company, "could not recover, since, under the statute, a condition precedent to the plaintiff's right to reimbursement was the establishment of legal liability on the part of the defendant for the employee's injuries—a fact which was not proven or even evidenced by the defendant's voluntary settlement with the employee." In Renner *v.* Model Laundry &c. Co., 191 Iowa, 1288 (184 N. W. 611), it was held, under a similar statute, that "an employer under the work-

men's compensation act, or his insurer, who justifies a refusal to pay compensation to an injured employee on the ground that the employee has been paid for his injury by a third party wrongdoer, must *affirmatively* show that the money received by the employee from such third party was, in legal effect, a *recovery of damages* on account of said injury. This essential fact may not be *inferred* from proof that the employee, in consideration of a sum of money, has agreed 'not to sue' said third party on account of said injuries." It follows that an amount of damages received by the injured employee from the third person, arising out of a settlement out of court with the third person whose act caused the injury, can not, under the provisions of section 2 (d) of the workmen's compensation act as amended (Ga. L. 1922, p. 185), be, in an award of compensation by the industrial commission, set off against the amount of compensation which the injured employee is otherwise entitled to receive under the act. See cases collected in the following citations: 19 A. L. R. 788; 27 A. L. R. 505; 37 A. L. R. 846; 67 A. L. R. 271.

There having been no adjudication of any "legal liability" of the Georgia Light and Power Company to Willie Luckey for the $750 which he received from the company in settlement of his alleged claim against the company, neither the Hand Trading Company as the employer, nor the Travelers Insurance Company as the insurance carrier, had any right to a reduction by the commission of the amount otherwise due, viz. $840, to Willie Luckey, as compensation under the act. They have no right to complain of the award in the sum of only $465. The superior court did not err in affirming the award of the industrial commission. Whether the employer or the insurance carrier has any right by subrogation, as provided in section 2 (d) of the compensation act, or otherwise, to maintain suit against the tort feasor and therein establish a legal liability against it for the injuries which it inflicted upon the claimant, and in such suit recover of the tort feasor the amount of compensation which the plaintiff had paid, is not presented for consideration.

*Judgment affirmed. Jenkins, P. J., concurs.*

SUTTON, J. I concur in the judgment of affirmance, but do not concur in the statement of principles in the above opinion.