THE FIDELITY & CASUALTY INSURANCE COMPANY
OF NEW YORK and
ERWIN HATHAWAY, d.b.a. HATHAWAY'S EXPRESS
vs.
SEARS ROEBUCK & COMPANY

| Superior Court | New Haven County | File #12229 |
|---|---|---|
| | (At Waterbury) | |

Present: Hon. FRANK P. McEVOY, Judge.

Michael V. Blansfield;
Harry M. Albert,                    Attorneys for the Plaintiffs.

William W. Gager,                   Attorney for the Defendant.

**MEMORANDUM FILED APRIL 17, 1937.**     124 Conn. 227

McEVOY, J.   This action grows out of the former case of **William J. Hoard vs. Sears Roebuck & Company,** reported in **122 Conn., page 185.**

In that case the alleged cause of action was set out in two counts.   The first count charged that the then plaintiff was an employee and that a servant of the defendant negligently injured the plaintiff.   The second count charged that the conduct of the defendant's servant was "wanton, deliberate and willful".

One of the special defenses filed was that the other plaintiff claimed compensation from his immediate employer (one of the present plaintiffs) and was receiving compensation from the employer's insurer (the other present plaintiff).

The then trial court directed a verdict in favor of the then defendant and the Supreme Court sustained that direction.

In the present action the plaintiffs are Erwin Hathaway, the employer of Hoard, who was the plaintiff in the original action, and the Fidelity & Casualty Insurance Company of New York, which insured Hathaway.

The gist of the present complaint is that, by reason of the injury occasioned to Hoard, the employee of Hathaway, the Fidelity & Casualty Insurance Company of New York, as insurer, has been obliged to pay compensation and medical and

other fees to Hoard.

The defendant has filed a Plea in Abatement in which it sets out that Hoard, the employee of the present plaintiff, Hathaway, brought an action against the present defendant upon the same facts as here alleged as to the claimed injury; that the plaintiffs were given the due notice required by the provisions of **Section 5231, General Statutes, Revision of 1930;** and that, notwithstanding that notice, neither of the plaintiffs joined as party plaintiffs "within thirty days after such notification".

For that reason the defendant prayed judgment.

To this Plea in Abatement the plaintiffs demurred in the following language:

1.   The present action is not governed by **Section 5231 of the General Statutes, Revision of 1930,** as noted in paragraphs 3 and 4 of said Plea in Abatement.

2.   The present action is one to determine the status and relation between the parties apart from the Workmen's Compensation Act.

In their brief the plaintiffs say:

"As between the plaintiffs in the instant case and the defendant, we are now seeking to determine the rights of these two parties as between themselves concerning the payment of the compensation."

Further along, in their brief, the plaintiffs also cite so much of the opinion of our Supreme Court in **Johnson vs. Mortenson, 110 Conn. 221, at page 225,** as says:

"The rights and liabilities between those held jointly liable to the claimant to 'be worked out in such proceedings, among themselves, as may be brought for the purpose'."

At Page 2 of their brief the plaintiffs clearly state that the purpose of this action is "to work out rights and liabilities between those held jointly. liable to an injured employee, among themselves".

In **Johnson vs. Mortenson, Supra,** there had been an adjudication of joint liability against both Johnson and Mortenson and their respective insurers and the purpose of that action was to work out the equities between the two who were jointly liable, as adjudicated.

As indicating the general legislative intent in such cases our Supreme Court cited the provisions of the **Virginia Act (Section 20)** which provides that "the contractor shall be liable to pay to the employee of the subcontractor any compensation which he would have been liable to pay if that workman had been immediately employed by him, but that 'where the principal contractor is liable to pay compensation under this section, he shall be entitled to indemnity from any person **who would have been liable to pay the compensation'."**

At **page 225 (110 Conn.)** our Supreme Court further said:

"The better view and practice of the compensation commissioners appears to have been to regard their jurisdiction as limited to determination of the right of the employee to compensation and as to who is liable therefor to such claimant, leaving the rights and liabilities between those **held jointly liable** to the claimant to 'be worked out in such proceedings, among themselves, as may be brought for the purpose'."

**Citing Freeman vs. Furrey, 2 Conn. Comp. Dig., Part I, 400, 402.**

In the same opinion, at **page 226,** our Supreme Court, in commenting upon the provisions of the then **Section 5346** (our present **Section 5231)** said:

"Section 5346 confers a right of action, by an employer who has paid or by an award has been obligated to pay compensation, against another person who has incurred a legal liability to pay 'damages' in respect to the injury to which the compensation relates. The legislature also **might** have expressly prescribed and conferred a right of action by a principal or principal contractor against a contractor or sub-contractor, to recover compensation paid by the former, or a right to indemnity therefor, as in the illustrative provisions in other States, above quoted. But no such provision has been made or attempted in this State."

In concluding its opinion, at **page 230,** our Supreme Court finally said:

"The same principle dictates that when one has been required to pay money which another, as between them, was under a primary duty to pay, the former should be enabled to obtain reimbursement."

The case from which this quotation is taken was reserved

to the Supreme Court for a determination of the remedy and relief to be applied on an agreed statement of existing joint liability.

It was undisputed that the statute, then **Section 5346,** (now **Section 5231, Revision 1930)** made Johnson and Mortenson primarily liable.

This **primary** liability was the only basis for the resultant **joint** liability.

Obviously there is a clear divergence between the instant case and the Johnson vs. Mortenson case in that, upon the pleadings at least, in the instant case, there is neither the primary nor joint liability which were admittedly present in the Johnson vs. Mortenson case.

In order that the plaintiffs may recover in this action they must rely upon:

1. A direct liability of the defendant because it vicariously caused a monetary loss to these plaintiffs.

2. Subrogation of the plaintiff, the insurer, claiming through the co-plaintiff, its insured.

Recovery may not be had under the first theory because:

"The single question is, whether a plaintiff can successfully claim a legal injury to himself from another, because the latter has injured a third person in such a manner that the plaintiffs' contract liabilities are thereby affected."

**Connecticut Mutual Life Insurance Company vs. New York & New Haven Railroad Company, 25 Conn. 265 at 274; and**

"We decide, that in the absence of any privity of contract between the plaintiffs and defendants, and of any direct obligation of the latter to the former growing out of the contract or relation between the insured and defendants, the loss to the plaintiffs, although due to the acts of the railroad company, being brought home to the insurers only through the artificial relation of contractors with the party who was the immediate subject of the wrong done by the railroad company, was a remote and indirect consequence of the misconduct of the defendants, and not actionable."

**Id. page 276.**

Now, as to the right of recovery upon the second theory—

the right of subrogation.

It should, first, be observed that the plaintiffs and the defendant, have not been adjudicated jointly liable as in the case of Johnson vs. Mortenson. The defendant has been adjudicated as not liable at common law to the employee of the co-plaintiff employer.

Section 5231 is entitled:

"Liability of Third Persons—How Enforced and Apportioned Between Employer and Employee."

This section provides, substantially, that when any employee or employer shall bring an action against a third person who has injured the employee the employer or employee who brings the suit shall notify the other in writing.

In Paragraph 3 of the Plea in Abatement it is alleged that the due notice was given in accordance with the terms of the Statute, and, also, that neither of the plaintiffs did join as party plaintiff in that action.

The Demurrer, prima facie, admits the truth of this allegation.

The statute further provides that if the one so notified "shall fail to join as a party plaintiff, his right of action against such other person shall abate".

"There is . . . . nothing . . . . which . . . . prevents the employer from joining in such an action before he has by award become obligated to pay compensation."

**Rosenbaum vs. Hartford News Company, 92 Conn. 398 at 401.**

". . . . the rule is based on the legal relations of the parties as defined by the Act . . . ."

**Id. at page 402.**

In **United States Fidelity & Guaranty Company of New York vs. New York, New Haven & Hartford Railroad Company, 101 Conn. 200 at pages 207-208,** our Supreme Court said:

"The parties have acquiesced in the right of the plaintiff insurer to stand in the place of the employer and maintain an action against the defendant as a tort feasor of his employee.

. . . . We find no occasion to determine whether the statute gives the plaintiff insurer a cause of action against the defendant, provided it had established defendant's legal liability to the employee, and leave that question undecided."

It seems fair to conclude that the plaintiff employer had the option to and was required under the provisions of **Section 5231** to join as a co-plaintiff and that he elected not to join as a plaintiff and, therefore, that due to his failure to comply with the mandatory statutory provisions his right of action abated.

The view most favorable to the plaintiff insurer is that it claims to be subrogated to the right of the employer plaintiff and, since this right has been waived by its co-plaintiff, the employer, therefore the claimed subrogated co-plaintiff is bound by the action or lack of action of the plaintiff employer as defined by **Section 5231.**

For the reasons stated the demurrer to the Plea in Abatement is overruled.

The Plea in Abatement is sustained.

Judgment may be entered accordingly.