BLACK HAWK LINE, INC.
vs.
DORA FEULNER, EXTRX.

Court of Common Pleas  Hartford County  File #37480

MEMORANDUM FILED SEPTEMBER 22, 1938.

Louis Y. Gaberman, of Hartford, for the Plaintiff.

Francis P. Rohrmayer, Edward S. Pomerantz, both of Hartford, for the Defendant.

MOLLOY, J. By reason of a collision between the motor bus of the plaintiff with a motor vehicle owned and operated by the defendant's intestate, the plaintiff's driver and employee was injured on May 14, 1937. Subsequently the plaintiff paid compensation and medical expenses to the employee in the sum of $189.21. In October, 1937, the defendant in the instant action brought an action in the Superior Court for this county against the plaintiff herein, claiming liability on the part of the plaintiff by reason of the aforesaid collision. This action was settled by the plaintiff herein on or about May 1, 1938, by the payment to the defendant of $500. In the meantime, namely, on April 7, 1938, the instant action was instituted by the plaintiff against the defendant for the compensation and medical expenses it had paid its bus driver and employee

The defendant herein sets up as a special defense the settlement for a payment of $500 by the instant plaintiff in the action against it by the present defendant; and asserts that the plaintiff herein is now estopped thereby from seeking damages from this defendant for the compensation the plaintiff has paid its employee.

The plaintiff demurs to this defense on the ground that the voluntary settlement set forth in no way establishes legal liability on the part of the plaintiff and is no defense to the plaintiff's present action.

The instant action is brought under the provisions of the Workmen's Compensation Act.

In *Rosenbaum vs. Hartford News Company*, 92 Conn. 398, wherein the employee had released by settlement a third party primarily liable to pay damages to the injured employee, and sought in his action to recover compensation from the employer, it was held that the statute gives the employee or employer who has paid compensation a right of action against the tort-feasor in his own name. "Whether the employee recovers judgment against the third party, or releases him by a settlement made during the action, in either case, the judgment or settlement operates to discharge the employer, if it equals, or *pro tanto* if it does not, the award paid or obligated to be paid by the employer." *United States Fidelity & Guaranty Co. vs. New York, New Haven & Hartford Railroad Co.*, 101 Conn. 200, 203.

Primary liability was imposed on the tort-feasor. "The contract of release assumed, as we held, so far as the claimant employee was concerned, the existence of a legal liability on the part of the third party and his legal relation to the sum paid was that it was received in partial satisfaction of a valid claim for damages." *United States Fidelity & Guaranty Co. vs. New York, New Haven & Hartford Railroad Co., supra*, p. 204.

*United States Fidelity & Guaranty Co. vs. New York, New Haven & Hartford Railroad Co., supra*, was a case where after receipt of compensation, the employee effected a settlement of his claim, without the knowledge of his employer, for the legal liability of the defendant railroad company for the injury for which compensation was obtained, and the employer sought

to be reimbursed by the third party or tort-feasor for the compensation paid by it to the injured employee. The Supreme Court held (p. 204) that a "compromise must be assented to in order to bind the employer. His right to adjudicate the questions of liability and damage remain, despite the compromise . . ." The tort-feasor's settlement with the employee cannot be taken as an acknowledgment by it of its legal liability. "The law favors a settlement of disputes; a defendant might be ready to pay a substantial sum rather than to litigate his liability. The mere fact that the defendant has secured a release by the employee . . . is not an adjudication of the legal liability of the defendant, nor even evidence of legal liability." *United States Fidelity & Guaranty Co. vs. New York, New Haven & Hartford Railroad Co., supra,* p. 205. This case quotes, on page 205, from the Rosenbaum case, supra, as follows: "The written contract (referring to the release of a third party by an employee injured by him) does not, of course, establish the legal liability of the railroad company, nor can that be done in a proceeding to which the railroad company is not a party." The Court went on to say (p. 207): "If an action could be sustained against the defendant as a tort-feasor, under the circumstances of this case, it would be maintained without the defendant having had an opportunity to have had its legal liability for the injuries to the employee of the employer determined by a legal adjudication. The defendant would thus pay damages and lose its property without having had the right to be heard upon the question of its legal liability. This could not be done."

The trial court's decision in the U. S. Fidelity & Guaranty case was on the theory that the settlement determined the question of liability. The Supreme Court said (p. 207): "The employer's right against the defendant, as we have seen, depended upon his ability to establish the tort-feasor's legal liability."

In short, the Court held that the plaintiff insurer had no right to the fund paid the employee by the tort-feasor until the plaintiff insurer had established the tort-feasor's legal liability for the employee's injuries.

To sum up the above mentioned cases, we find, first, that when an employee releases a third party, the tort-feasor, his right against the employer for compensation is satisfied by the payment made by the third party, *pro tanto;* second, that although the employee has compromised his claim for injuries

with a third party, the tort-feasor, and the latter has secured a release from him, nevertheless, the insurer of the employer cannot recover of the third party, the tort-feasor, merely on the basis of the tort-feasor having settled or compromised the claim of the injured employee. The tort-feasor has a right to a legal adjudication of its legal liability.

In the instant case the facts are quite different. As stated, the third party, the alleged tort-feasor, sues the employer for the negligence of its employee, and this employer settles the claim of the third party and gets a release from all further liability. Then the employer having paid for the negligence of its employee—because that to all appearances is in effect what it did—seeks to recover the compensation it, the employer, paid the employee. In other words, the parties in the instant litigation are the same as those to the suit in Superior Court which was settled, although their positions are reversed. This employer was not a stranger to the proceedings, such as in the Rosenbaum case, where the employee settled with the third party tort-feasor without the knowledge of the employer, and then sought to hold the employer in another action; or such as in the U. S. Fidelity & Guaranty case, where the employee also settled with the third party or tort-feasor, and the insurer of the employer, or in effect the employer, sought to recover of the third party on a basis of liability merely because of a compromise settlement made by the third party with the employee.

The plaintiff argues that any insured would settle a death case, as was done in the instant case, for $500. That may or may not be so. It must be remembered, however, that we are passing upon a demurrer, which asserts that such a defense, without further ado and without inquiry as to the circumstances of the settlement, is legally no defense. It seems to me the U. S. Fidelity & Guaranty case is not controlling on the question in this case.

The demurrer is, therefore, overruled.