[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT
1. The plaintiff moves for judgment on the pleadings as to defendant's second special defense.
2. The defendant moves for summary judgment on the ground that there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law.
On August 30, 1989 plaintiff, Red Star Express Lines of Auburn, instituted this action pursuant to Conn. Gen. Stats.31-293. Plaintiff seeks to recover from defendant an amount equal to the workers' compensation benefit payments that plaintiff claims to have made to its employee, Michael Cavallo.
The facts are as follow. On September 17, 1987, Cavallo and defendant's decedent, Steven Carsno, were involved in a motor vehicle accident in which Cavallo sustained injuries. Cavallo received $100,000.00 from defendant's decedent, the full amount of decedent's automobile liability coverage. On January 5, 1989, Cavallo executed a general release in which he released defendant from any further liability with respect to this accident.
Plaintiff alleges, in its complaint, that defendant's decedent was negligent. Plaintiff alleges that it compensated Cavallo, pursuant to the Connecticut Workers' Compensation Act, for the injuries he sustained.
On March 1, 1990, defendant filed an answer and special CT Page 4235 defense. The special defense alleges "the plaintiff's employee, Michael Cavallo, is without a cause of action against the defendant decedent's estate having executed a General Release of said defendants in consideration of the payment of certain monies, as a result of which the plaintiff herein (Employer of Michael Cavallo) is without a cause of action at law against the defendants, as said plaintiff has against the defendants only such rights as the plaintiff's employee, Michael Cavallo, had against said defendants. The said plaintiff's employee having divested himself of any legal rights against the defendants in consideration of monies paid to him, the plaintiff herein is derived of no right sufficient to support this action against the defendants."
On April 30, 1990 plaintiff filed a reply to the special defense. The reply states "The allegations of the special defense which allege `The plaintiff's employee Michael Cavallo, is without a cause of action against the defendant decedent's estate having executed a General Release of said defendants in consideration of the payment of certain monies', are admitted. The remaining allegations of the special defense are denied."
On May 11, 1990 plaintiff filed a motion for judgment on the pleadings and a supporting memorandum of law, as to defendant's special defense.
On July 3, 1990 defendant filed a motion for summary judgment and a supporting memorandum of law. On July 8, 1990, plaintiff filed a reply brief to defendant's motion for summary judgment. Neither party has submitted affidavits or supporting documentation.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law entitle him to judgment as a matter of a law." State v. Goggin,208 Conn. 606, 615 (1989). The moving party is held to a strict standard of showing his entitlement to summary judgment. Kakadelis v. DeFabritis, 191 Conn. 276, 282 (1983).
Conn. Practice Book 379 provides that a motion for summary judgment is applicable to any action, as well as to counterclaims and cross complaints as if they were independent actions. "The rules of practice in Connecticut require that all pleadings be closed before a party may move for summary CT Page 4236 judgment." Orticelli v. Powers, 197 Conn. 9, 15 (1985).
Plaintiff has filed a motion for judgment on the pleadings based on defendant's special defense. "There is no apparent authority for its [motion for judgment on the pleadings] use under the rules of practice with the possible exception of the motion for judgment which may follow the granting of a motion to strike. The proper way to test the legal sufficiency of a complaint or other pleadings before the pleadings are closed, is the motion to strike. After an answer is filed, the motion for summary judgment is the correct procedure to ascertain whether the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that one of the parties is entitled to judgment as a matter of law." 2 Stephenson, Conn. Civ. Proc. (2d Ed.) 120 (Supp. 1982).
To be successful on a motion for judgment on the pleadings, the facts alleged in the special defense and admitted by the reply need to operate as "a complete bar to the maintenance of any cause of action provable under the allegations of the complaint as construed most favorably to the plaintiff." DelVecchio v. DelVecchio, 146 Conn. 188, 191
(1959).
The plaintiff has admitted portions of defendant's special defense. The plaintiff's admissions do not operate as a complete bar to the allegations alleged in defendant's special defense. Accordingly, the motion for judgment on the pleadings is denied.
The pleadings are closed and the court must now address defendant's motion for summary judgment.
Defendant, in support of its motion for summary judgment, argues the special defense it asserted in response to plaintiff's complaint entitles defendant to summary judgment as a matter of law. The special defense provides:
The plaintiff's employee, Michael Cavallo, is without a cause of action against the defendant decedent's estate having executed a General Release of said defendants in consideration of the payment of certain monies, as a result of which the plaintiff herein (Employer of Michael Cavallo) is without a cause of action at law against the defendants, as said plaintiff has against the defendants only such rights as the plaintiff's employee, Michael Cavallo, had against said defendants.
The said plaintiff's employee having divested himself of CT Page 4237 any legal rights against the defendants in consideration of monies paid to him, the plaintiff herein is derived of no right sufficient to support this action against the defendants.
Plaintiff, in its answer to the special defense admits that "Cavallo is without a cause of action against the defendant decedent's estate having executed a General Release of . . . monies." Plaintiff denies the remaining allegations of the special defense.
Plaintiff contends it is entitled to maintain a cause of action against defendant under Conn. Gen. Stats. 31-293. Conn. Gen. Stats. 31-293 provides in pertinent part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having said, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee . . . . No such compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him . . . . (emphasis added).
United States Fid. Gua. Co. v. New York, N.H. H.R. Co., 101 Conn. 200 (1924) is factually similar to the present case. In that case, the court said "[d]efendant's settlement with the employee cannot be taken as an acknowledgment by it of its legal liability. The law favors a settlement of disputes; a defendant might be ready to pay a substantial sum rather than to litigate his liability. The law favors a settlement of disputes; has secured a release by the employee from liability for injuries to him, or paid him damages, is not an adjudication of the legal liability of the defendant, nor even evidence of legal liability. The statute itself makes the legal liability of this defendant a condition precedent to its obligation to pay damages." Id. at 205.
"[T]he plaintiff, even though the statute gives it the right to sue the tort-feasor, has no right to the fund paid the CT Page 4238 employee by the defendant by way of settlement until it has established defendant's legal liability for the employee's injuries, we find no occasion to determine whether the statute gives the plaintiff insurer a cause of action against the defendant, provided it had established defendant's legal liability to the employee, and leave that question undecided." Id. at 207-208.
Plaintiff, in its denial of the remaining allegations contained in defendant's special defense has implicitly asserted that it did not assent to any compromise between Cavallo and defendant's decedent. Pursuant to Conn. Gen. Stats. 31-293, plaintiff is entitled to maintain this action in order to seek a determination of the legal liability of defendant. Accordingly, the defendant's motion for summary judgment is denied.
Hennessey, J.