FRANK BOMBANELLO ET AL. *vs.* GEORGE C. THROM.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

In order to effectuate the provisions of § 2 of Chapter 306 of the Public Acts of 1921 that where an injured employee and his employer who has paid compensation for the injury, join as parties plaintiff in an action against a third party for the same injury caused by his negligence, the damages recovered by them

shall be so apportioned that the claim of the employer for any sums paid by him under the Compensation Act, together with his taxable costs and a reasonable allowance for an attorney's fee, shall take precedence over the claim of the employee, the judgment should provide, first, that the employer recover of the defendant the several amounts to be so apportioned to him and, second, that the employee shall recover of the defendant the damages assessed in the action less the amounts apportioned to the employer.

In determining the amount of the reasonable allowance allowed by the statute to the employer for an attorney's fee, the trial court exercises a discretion which is subject only to the limitation that it be reasonable; and this necessarily involves the power to refuse any allowance if, under the circumstances, the granting of any allowance would be unreasonable.

This court cannot review the trial court's action in refusing such an allowance unless the facts relating thereto appear in the finding.

Argued April 13th—decided May 29th, 1926.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for plaintiff Bombanello and appeal by plaintiff C. W. Blakeslee & Sons. *Error in form of judgment.*

*George E. Hall,* for the appellant (plaintiff C. W. Blakeslee & Sons).

*Bernard Greenberg,* for the appellee (plaintiff Frank Bombanello).

*Edwin G. Hayes,* for the appellee (defendant).

WHEELER, C. J.  In June, 1925, the plaintiff Bombanello brought this action against the defendant, Throm, to recover damages for a personal injury suffered by him on May 6th, 1925, by having defendant's automobile, because of its negligent operation by

the defendant, run upon and against him while upon a sidewalk of a public highway engaged in work thereon. Before this case went to trial the plaintiff Bombanello was awarded compensation under the Workmen's Compensation Act against his employer, C. W. Blakeslee & Sons, on November 13th, 1925, for the same injury which is the subject of this action. After the defendant, Throm, had joined issue in the instant case, C. W. Blakeslee & Sons, upon their own motion, were joined as party plaintiff in this action, on November 25th, 1925, under General Statutes, § 5346, as amended by § 2 of Chapter 306 of the Public Acts of 1921, and on December 14th, 1925, filed their complaint. The case was subsequently tried to the jury and a verdict rendered in favor of the plaintiff Bombanello "to recover of the defendant $4,300 damages without costs." A judgment was entered upon the verdict, in which it is recited that the said compensation awarded Bombanello "aggregates the sum of $1,013.98 together with further sums for medical, surgical, hospital and incidental expenses" amounting to $87, which were paid by C. W. Blakeslee & Sons, and it further recites: "No payment has been made to the plaintiff, Frank Bombanello, by the codefendant, C. W. Blakeslee & Sons, under said finding and award." In the relief granted the judgment recites:

"Whereupon it is adjudged as follows:

"1. That the plaintiff, Frank Bombanello, recover of the defendant, $4,300 without costs.

"2. That of this sum of $4,300 the plaintiff, Frank Bombanello, pay to the coplaintiff, C. W. Blakeslee & Sons, the sum of $87 and their costs taxed at . . . . dollars.

"3. That receipt of said $4,300 by the plaintiff, Frank Bombanello, shall discharge the coplaintiff, C. W. Blakeslee & Sons, from all liability by reason of the

injuries sustained by the plaintiff, Frank Bombanello, and under the award of the Compensation Commissioner dated November 12, 1925, in the case of *Frank Bombanello* v. *C. W. Blakeslee & Sons,* based upon said injuries.

"4. That no allowance for an attorney's fee be granted coplaintiff, C. W. Blakeslee & Sons."

The parties are not in dispute as to the amount of the verdict. The contention of the appellant, C. W. Blakeslee & Sons, is confined to the point that the verdict should have been apportioned so that the amount, $87, paid by the appellant for medical, etc., expenses, together with a reasonable allowance for an attorney's fee, shall take precedence over the claim of the injured employee, Bombanello, the plaintiff-appellee herein. The claim for the payment of the $87 is within the terms of the statute, General Statutes, § 5346, as amended by Chapter 306, § 2, of the Public Acts of 1921. We so construed this statute in its then form, in *Rosenbaum* v. *Hartford News Co.,* 92 Conn. 398, 103 Atl. 120. Nor does this appellee contest this.

The claim for a reasonable allowance for an attorney's fee was refused by the court in the exercise of its discretion. The appellant's construction of the statute as automatically requiring the court to make some allowance is, we think, confuted by the terms of the statute. The court's power is limited to the granting of a reasonable allowance. The amount of the allowance is within its discretion, and if the granting of any allowance would be unreasonable, to make such grant would be an unreasonable exercise of the court's discretion. In the absence of a finding upon this point, we have no means of testing the reasonableness of the court's ruling. So far as the facts do appear, we find no abuse of discretion in its refusal to make any allowance. Since the parties are agreed that C. W. Blakes-

lee & Sons should be paid by defendant, out of the verdict, the $87 and their costs, and that the amount of the verdict, less the amount so paid to C. W. Blakeslee & Sons, should be paid to the plaintiff Bombanello, we make the rescript accordingly.

There is error in the form of the judgment. The relief granted in paragraphs one and two, above quoted, is stricken out, and the Superior Court is directed to insert in the judgment, in their stead, the following:

1. That the plaintiff C. W. Blakeslee & Sons recover of the defendant $87, and their costs taxed at . . . dollars.

2. That the plaintiff Frank Bombanello recover of the defendant the face of the verdict, $4,300, less the said $87, and the costs taxed in favor of C. W. Blakeslee & Sons.

In this opinion the other judges concurred.