EDITH MAY MICKEL, ADMINISTRATRIX (ESTATE OF CHESTER H. MICKEL), ET AL. *v.* NEW ENGLAND COAL AND COKE COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

672

Argued November 6, 1945—decided January 9—reargued April 3—
amended opinion filed April 10, 1946.

*John J. Hunt,* with whom was *Louis George,* for the appellant (named plaintiff).

*Samuel Engelman,* with whom, on the brief, was *Pasquali Vioni,* for the appellees (defendants).

*Arthur B. O'Keefe,* with whom, on the brief, was *William T. Holleran,* for the appellee (plaintiff The Reliable Laundry Company).

DICKENSON, J. The plaintiff administratrix brought this action against the defendants for damages for causing the death of her decedent. The decedent's employer joined as a plaintiff, claiming reimbursement for workmen's compensation which it has become obligated to pay. The administratrix alone has appealed from a judgment entered upon a verdict in favor of the plaintiffs, claiming that the amount of the verdict was inadequate and assigning error in the charge on damages. The record is barren of any oral objection to the charge immediately after it was delivered, in compliance with the requirement of the Practice Book, § 156. The finding discloses that after the charge was delivered the jury asked the trial court to "re-read that part" of its charge "pertaining to the

basis for the assessment of damages," which the court did. The plaintiff has sought to have the finding corrected by adding a statement to the effect that after the original charge was delivered and before that part of it relating to damages was repeated, counsel for the parties conferred with the trial judge in chambers and plaintiff's counsel objected to the charge, stating, in substance, that the amounts to be expended in support of the decedent's family ought not to be deducted from the gross earnings in arriving at net earnings, and requesting the court to correct the charge in that respect upon rereading it to the jury. The defendants, while claiming objection should have been made after the repetition of the charge, concede in their brief that counsel conferred with the court in chambers and that objection was made by plaintiff's counsel at that time.

We have consistently refused to make an exception in the application of § 156 from the date of its adoption. *Cervino* v. *Coratti,* 131 Conn. 518, 522, 41 Atl. (2d) 95; *Greenwald* v. *Wire Rope Corporation of America,* 131 Conn. 465, 470, 40 Atl. (2d) 748; *Tully* v. *Demir,* 131 Conn. 330, 334, 39 Atl. (2d) 877; *Mocarski* v. *Palmer,.* 132 Conn. 349, 354, 44 Atl. (2d) 64. The rule, however, is not mandatory. It provides that this court "shall not be bound" to consider error unless an objection be made as required in it. In view of the fact that in the recent case of *Chase* v. *Fitzgerald,* 132 Conn. 461, 45 Atl. (2d) 789, we have had occasion to restate and correct the rule as to damages in death cases and that in the present action the charge, both as originally given by the trial court and as given when later specifically requested by the jury as a further instruction, was not in accordance with the rule we held to be the correct one in the *Chase* case, we treat the informal objection to the charge as sufficient to raise the question. See Conn. App. Proc., p. 60.

As we stated in *Chase* v. *Fitzgerald,* supra, 467, the cause of action in such a case as this is one that comes to the representative of the decedent's estate by survival and so is a continuance of that which the decedent could have asserted had he lived. Had he lived and been shorn of all ability to carry on his usual activities, he would have been entitled to compensation for this loss, including destruction of his earning power.

The court charged in accordance with our earlier decisions that the measure of recovery on "the basis of the loss of the net earning capacity" was the decedent's capacity to earn more than was necessary for his support during his life expectancy and that there was no evidence to show that the decedent "earned any more money than was necessary to take care of his obligations." As we said in *Chase* v. *Fitzgerald,* supra, 469, "To measure damages upon the basis of the destruction of earning capacity is very different from awarding a sum intended to represent the amount which a decedent would have earned and left as a part of his estate." The final inquiry as to the earning capacity of a man is not what he is capable of saving but what he is capable of earning. *Memphis Consolidated Gas & Electric Co.* v. *Letson,* 135 Fed. 969, 975, 68 C.C.A. 453. Had the decedent in this case lived and been entirely incapacitated from work, an element in measuring his damages would have been the loss caused by the destruction of his earning capacity, not the difference between this and his living expenses. While the trial court in its charge followed our previous decisions, we are constrained to find error in view of our decision in the *Chase* case.

After we handed down our opinion in the instant case, the defendants made a motion for a reargument which we granted. One ground of the motion was that the rule of damages announced in *Chase* v. *Fitzgerald,*

supra, should not be applied retrospectively to affect the decision in this case. There is abundant authority to support the proposition that where a court overrules a previous decision the effect is not to make a change in the law but to recognize that the court was mistaken in its first declaration of it and to establish that the law always was as stated in the later decision. *People ex rel. Rice* v. *Graves*, 242 App. Div. 128, 130, 273 N. Y. S. 582; *Jackson* v. *Harris*, 43 Fed. (2d) 513, 516; *Center School Township* v. *State ex rel. Board*, 150 Ind. 168, 173, 49 N. E. 961; *Crigler* v. *Shepler*, 79 Kan. 834, 842, 101 Pac. 619; *Hoven* v. *McCarthy Bros. Co.*, 163 Minn. 339, 341, 204 N. W. 29; *Donohue* v. *Russell*, 264 Mich. 217, 219, 249 N. W. 830; *Nickoll* v. *Racine Cloak & Suit Co.*, 194 Wis. 298, 304, 216 N. W. 502; *Mason* v. *Cotton Co.*, 148 N. C. 492, 510, 62 S. E. 625; 14 Am. Jur. 345, § 130; 15 C. J. 960, § 358; 21 C. J. S. 326, § 194. To apply this principle violates no constitutional limitation; *Tidal Oil Co.* v. *Flanagan*, 263 U. S. 444, 451, 44 Sup. Ct. 197; and the Supreme Court of the United States has held that the extent to which it will be followed in any state is for the courts of that state to determine. *Great Northern Ry.* v. *Sunburst Co.*, 287 U. S. 358, 364, 53 Sup. Ct. 145; note, 85 A. L. R. 262.

The decisions and cyclopedic articles we have cited and other cases referred to in them state that there is a generally recognized exception to this rule where contracts have been made or rights have become vested, or perhaps other action has been taken, under the original decision. The basis of these exceptions is the essential injustice of applying the law as declared in the later decision to situations where parties have acted in reliance upon that stated in the earlier case. *Gelpcke* v. *Dubuque*, 68 U. S. 175, 206, 17 L. Ed. 520; *People ex rel. Rice* v. *Graves*, supra, 132;

*Nickoll* v. *Racine Cloak & Suit Co.,* supra. Obviously no such situation exists where there has been a change in a rule previously declared for measuring damages in an action based on negligence, as is the one before us. On the other hand, that change goes beyond a mere procedural matter such as that before us in *Chykirda* v. *Yanush,* 131 Conn. 565, 568, 41 Atl. (2d) 449, in which, in holding that evidence must be offered as a basis for an award of punitive damages, we refused to disturb a judgment where, in accordance with previous decisions, the trial court had charged the jury that they were authorized to award such damages in their verdict even in the absence of such evidence. The present action was pending before us when we decided *Chase* v. *Fitzgerald,* supra, and our conclusion is that it is proper for us to apply in it the rule for measuring damages announced in the *Chase* case.

The decedent's employer, coplaintiff in the action, has not joined in the appeal, but has filed a brief claiming that the administratrix cannot by appeal disturb the judgment which the employer has jointly secured against the defendants. General Statutes, § 5231, contains a provision that "any employer having paid, or by award having become obligated to pay, compensation under the provisions of this chapter, may bring an action against" a third person legally liable to pay damages to the employee "to recover any amount that he has paid or by award has become obligated to pay as compensation" to the employee. A superficial reading of this provision would indicate that the employer has an independent right to recover the amount specified upon proof of the legal liability of the third person, regardless of the amount of damages for which the employee would be entitled to judgment. We have never had occasion to consider more than incidentally the nature of the employer's right to

recover. But, in an action where employer and employee were joint plaintiffs, we said: "The action is one in tort by Duffy [the employee] to recover from defendant damages suffered by reason of the negligence of its servants. The right of action does not flow from any contractual liability, nor are the provisions relative to injuries contained in the Workmen's Compensation Act in any way germane to the cause of action involved." *Duffy* v. *Bishop Co.,* 99 Conn. 573, 577, 122 Atl. 121. The provisions in the statute read as a whole make it clear that the employer's right to recover is derivative and not independent and that in no event could recovery by him exceed the amount to which the employee was entitled. It is provided in the statute that where employer and employee join in an action and the amount of damages recovered is less than the sum the employer has paid or by award become obligated to pay, with an additional allowance for an attorney's fee, he is to be awarded the whole amount of damages; and this necessarily implies that his obligation to make payments under the compensation award continues until it is fully performed. There is no provision by which he may recover any additional sum, and such a provision would certainly have been made had his right of recovery gone beyond the sum which represented the just damages for the injury to which the employee was entitled.

Again, the statute provides that, if the damages in the judgment are more than sufficient to reimburse the employer for what he has paid or become obligated to pay as compensation, judgment is to be rendered in his favor for the amount he has paid, with an allowance for an attorney's fee, and the excess is to be awarded to the employee, and while the statute does not so provide, the necessary implication is that where such a judgment is rendered in favor of the employer,

his obligation to make further compensation payments is ended. *Rosenbaum* v. *Hartford News Co.*, 92 Conn. 398, 402, 103 Atl. 120. If an appeal from the judgment by the employee should be sustained and the case sent back for a retrial, to hold that the judgment for the employer was separable would require that the amount for which he had received judgment must be deducted from the amount of the ultimate award of damages to the employee; and the sum which the employee would ultimately recover might well be less. than he would have received had the obligation of the employer to pay compensation continued in effect.

There are compelling reasons aside from the terms of the statute for holding that the employer's right to judgment is derived from that of the employee and that the employer's judgment cannot exceed the amount of just damages to which the employee is entitled. In *Taylorville* v. *Illinois Public Service Co.*, 301 Ill. 157, 160, 133 N. E. 720, it was held that it would be unconstitutional to impose upon a third person liability to pay to the employer the amount he has paid or become obligated to pay under the Compensation Act, because it would make the third party liable in a sum determined in a proceeding to which he was not a party and in which he had no right to be heard. Moreover, if the third party, upon proof of his legal liability to the employee, were obligated to pay the employer the amount of compensation the latter has paid or become obligated to pay, the third party might be required to pay more than the amount which at common law he would be liable to pay for his delict to the injured employee. The result of this would be that if the employee was not within the compensation law the third party would be obligated to pay damages measured by just compensation to the employee, but if the latter was within the compensation law the third party would be liable

for at least the amount the employer had paid or become obligated to pay under that law, and this might exceed such just damages. If otherwise valid, such a statutory provision would bring about a discrimination which would not meet the requirement that a classification to be valid under the constitution must be based on some natural and substantial difference germane to the subject and purposes of the legislature. *State* v. *Cullum,* 110 Conn. 291, 295, 147 Atl. 804; *Francis* v. *Fitzpatrick,* 129 Conn. 619, 623, 30 Atl. (2d) 552. The statute in effect subrogates the employer to the employee's right to recover from a third party to the extent provided in it; the employer can in no event recover more than the employee could; if the two join in an action, the employer's sole right is to have apportioned to him so much of the damages found due the employee as he has a right to receive; and if the employee appeals and a retrial is ordered the judgment in favor of the employer is not so far separable that it will be unaffected by the sustaining of the appeal.

Counsel stated in argument that there is much uncertainty among trial judges and lawyers as regards the position of the employer where he joins with the employee in actions such as the one before us, and this is confirmed by certain issues sought to be raised in the case of *Anderson* v. *Burgess Express Co., Inc.,* 132 Conn. 545, 45 Atl. (2d) 825. It follows from what we have said above that the employer has a right to take part in the trial in so far as the issues involve the question of the legal liability of the third party to the plaintiff employee and the amount of damages which the employee is entitled to recover for his injuries, but that the amount the employer has paid or become obligated to pay has no bearing upon the issues to be submitted to the jury, and evidence and argument as to that

amount should have no place in the trial. In the event of a plaintiffs' verdict, it is for the court, without the jury, to apportion the damages between the two plaintiffs upon the basis either of a stipulation entered into by them or of evidence heard by it. See *Bombanello* v. *Throm,* 104 Conn. 504, 133 Atl. 577; *Uva* v. *Alonzy,* 116 Conn. 91, 102, 163 Atl. 612.

In our original opinion the direction for a new trial was restricted to the determination of the amount of damages. The defendants claimed on reargument that this issue was so interwoven with that of liability that if there was to be a retrial it should be on all issues. In *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 Atl. 859, we pointed out that in the trial of a case the issues of liability and damages are usually interwoven and that a new trial should be restricted to the issue of damages only where it is probable that no injustice will thereby be done. We also said that whether we should order a new trial of all the issues or one restricted to a determination of the amount of damages to be awarded rested in our discretion. See also *Hawley* v. *Rivolta,* 131 Conn. 540, 41 Atl. (2d) 104. The conclusion of the majority now is that there should be a retrial of all issues.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.