## KLEMENT OLSZEWSKI *v.* STATE EMPLOYEES' RETIREMENT COMMISSION

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued March 5—decided March 26, 1957

*Helen F. Krause,* for the appellant (plaintiff).

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (defendant).

BALDWIN, J. This action for a declaratory judgment was originally brought against the state employees' retirement commission and the city of Bridgeport but was withdrawn as to the latter before trial. The basic question is whether the plaintiff is entitled to receive money withheld by the retirement commission from his retirement allowance for disability in an amount equal to that received by him from the city of Bridgeport as payments under the Workmen's Compensation Act.

The facts are not in dispute. The plaintiff was injured on May 3, 1952, in the course of his employment by the city. He was totally disabled and qualified for a retirement allowance for total disability under the act which provides for the retirement of municipal employees. General Statutes § 888. The city paid him benefits under the Workmen's Compensation Act in the sum of $3077.94. The state retirement commission under § 901 administers the municipal employees' retirement system, in which Bridgeport is a participating municipality. See 25 Spec. Laws 1244, as amended. The commission withheld payment of retirement benefits to the plaintiff in an amount equal to the workmen's compensation paid to him by the city. The plaintiff brought

an action against a third party for causing his injuries, and the city intervened as a party plaintiff. A judgment was recovered for $8343.84. The court, pursuant to § 2284c of the 1953 Cumulative Supplement (as amended, Cum. Sup. 1955, § 3040d), directed that out of this sum $3077.94 be paid to the city to reimburse it for the workmen's compensation payments it had made to the plaintiff. The plaintiff claims that, the city having been reimbursed, he is now entitled to receive the amount withheld by the commission from his retirement allowance. The commission counters with the claim that it is expressly prohibited from paying that sum to the plaintiff by reason of § 891 of the General Statutes, which provides, inter alia, that "[a]ny amount or amounts received [by a retired employee] under the workmen's compensation act shall be deducted" from his retirement allowance.

In resolving these claims, two factors must be kept in mind: The plaintiff has received and had the benefit of the payments made by the city under the Workmen's Compensation Act. The reimbursement which the city received for those payments came, not from the plaintiff, but from a judgment recovered against a third party. Section 2284c provided that when any injury for which compensation is payable under the Workmen's Compensation Act has been sustained under circumstances creating liability therefor in some third person other than the employer, both the employer and employee may join in an action against that third person. Any damages recovered in the action are to be so apportioned that the claim of the employer for any compensation payments which he has paid or has become obligated to pay shall, after the deduction of reasonable and necessary expenditures, including attorneys'

fees, incurred by the employee in effecting such recovery, take precedence over the claim of the employee. In short, a judgment recovered in such an action does not belong exclusively to the employee. The employer has a substantive right to reimbursement. *Stavola* v. *Palmer,* 136 Conn. 670, 677, 73 A.2d 831. It is true that the employer's right is one derived from the employee. *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 679, 47 A.2d 187. Once having been acquired, however, by reason of the payment of workmen's compensation, it is a right vested in the employer exclusively, provided he asserts it in time. The employee has no right to so much of the damages for loss of his earning capacity as has been received by him in the form of workmen's compensation if the employer joins in the action against the tort-feasor and demands reimbursement. The employer's right, except as to reasonable and necessary expenditures and attorneys' fees, is prior to that of the employee. *Bombanello* v. *Throm,* 104 Conn. 504, 507, 133 A. 577; *Uva* v. *Alonzy,* 116 Conn. 91, 102, 163 A. 612; see *Rosenbaum* v. *Hartford News Co.,* 92 Conn. 398, 403, 103 A. 120. The payment to the city came, therefore, not as a gratuity from the plaintiff but by operation of § 2284c.

We come now to the question whether, the city having been reimbursed for all the compensation payments which it made to the plaintiff, the commission, nevertheless, can withhold from the plaintiff's retirement allowance the amount of those compensation payments. The answer hangs upon an issue of statutory construction. When the plaintiff was retired for total disability, he was entitled to a retirement allowance. However, he received workmen's compensation benefits from the city in the amount of $3077.94. Section 891 expressly states

that any amount or amounts received under the Workmen's Compensation Act shall be deducted from the retirement allowance. This language "is plain and it cannot be construed to embrace something which obviously it does not." *London & Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 57, 119 A.2d 325, and cases cited. No exception is provided in the statute for a situation wherein the employer is reimbursed from a judgment obtained against a third party tort-feasor. When a statute expresses an intent in clear and unambiguous language, courts cannot recognize claimed equities which appear to run counter to the wording of the statute. *Burns* v. *Seymour,* 141 Conn. 401, 405, 106 A.2d 759, and cases cited. If an exception is to be made under circumstances like those presented in the instant case, only the legislature can make it. In fact, the legislature in 1951 made just such an exception in the statute (§ 385) relating to the retirement of state employees. Cum. Sup. 1955, § 154d. The 1951 enactment, dealing, as it does, with matters closely akin to those covered in § 891 and adopted, as it was, as an amendment to § 385 (originally Cum. Sup. 1939, § 68e) and subsequent to § 891 (originally Sup. 1945, § 127h), lends support to the construction which we have accorded § 891. *Hartford* v. *Suffield,* 137 Conn. 341, 346, 77 A.2d 760; *General Realty Improvement Co.* v. *New Haven,* 133 Conn. 238, 242, 50 A.2d 59; *Blanos* v. *Kulesva,* 107 Conn. 476, 479, 141 A. 106. The decision of the trial court was correct.

There is no error.

In this opinion the other judges concurred.