HARVEY RICARD *v.* STANADYNE, INC., ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 14—decision released June 24, 1980

*Noel R. Newman,* with whom was *Kenneth B. Povodator,* for the appellant (Branch Motor Express Company).

*Ernest J. Mattei,* for the appellees (defendants).

PER CURIAM. In this case Branch Motor Express Company (hereinafter Branch) seeks to intervene in a personal injury action because it paid worker's compensation to the plaintiff. The trial court, on objection by the defendant, denied the motion to intervene on the ground that the motion was filed more than thirty days after Branch received notice of the third party action. In its appeal[1] Branch challenges the "standing" of the defendant to object to its motion and the trial court's construction of General Statutes § 31-293.

Under our practice, except for cases where the applicant has an absolute right to intervene, the court is granted broad discretion in ruling upon a motion to admit new parties to proceedings before it. *Jones* v. *Ricker,* 172 Conn. 572, 575n, 375 A.2d 1034 (1977). Its authority on an application to intervene does not depend upon the presence or absence of an objection by an adverse party. Although Branch, if permitted to intervene, could have participated in the trial; *Reid* v. *New Haven,* 133 Conn. 446, 449, 52 A.2d 140 (1947); *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 680, 47 A.2d 187 (1946); and therefore could have adversely affected the outcome of the case with respect to the defendant, nevertheless, Branch's legal position would not have been enhanced had.

[1] Because Branch at the very least had a colorable claim to intervention as a matter of right, the denial of its motion to intervene was appealable. See *Jones* v. *Ricker,* 172 Conn. 572, 575n, 375 A.2d 1034 (1977).

the court denied its application in the absence of an objection by a party. In the last analysis Branch's right to intervene depends only on the merits of its own motion.

General Statutes § 31-293[2] grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; *Robinson* v. *Faulkner,* 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801 (1957).

It is conceded that Branch failed to file its application to intervene within thirty days of its receipt of notice of the institution of the plaintiff's action. By such failure, Branch's independent derivative action against the defendant; *Stavola* v. *Palmer,* 136 Conn. 670, 678, 73 A.2d 831 (1950); was abated. General Statutes § 31-293; *Olszewski* v. *State Employees' Retirement Commission,* supra. In these

---

[2] General Statutes § 31-293 provides in pertinent part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, . . . such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate."

circumstances, Branch also lost its right to intervene in the plaintiff's action. The court's denial of Branch's application was therefore proper.

There is no error.