CHARLES ZIMMER *v.* TOWN OF ESSEX

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1230

Argued April 21—decided July 2, 1982

*Charles L. Flynn,* for the appellant (plaintiff).

*John R. McLain,* for the appellee (defendant).

BIELUCH, J. The plaintiff, employed by the defendant as town constable, brought this action seeking the benefits available to regular members of paid police

departments under General Statutes § 7-433c,[1] the hypertension and heart disease compensation law. Originally employed in 1967, the plaintiff worked as a fulltime constable until 1977, when he was diagnosed as suffering from ischemic heart disease. During those years, the defendant had no organized police department as defined by General Statutes § 7-274.[2] It employed a resident state trooper to oversee the plaintiff, whose duties included street patrol, traffic regulation, investigation of accidents and making arrests, the routine duties of a police officer.

The plaintiff filed his claim under § 7-433c, which conditions payment of compensation benefits upon regular membership in a paid police department. The defendant contested the plaintiff's claim, averring (1) that he failed to give notice pursuant to General Statutes § 31-294 and (2) that he was not entitled to benefits because he was not a regular member of a paid municipal police department. The compensation commissioner found that the town had the requisite statutory notice of the claim, but dismissed the plaintiff's claim after finding that "he was not a regular member of a paid municipal police department within the meaning of Section 7-433c of the General Statutes." On appeal, the Compensation Review Division affirmed the dismissal after adopting the commissioner's finding.

---

[1] "[General Statutes] Sec. 7-433c. BENEFITS FOR POLICEMEN OR FIREMEN DISABLED OR DEAD AS A RESULT OF HYPERTENSION OR HEART DISEASE. . . . [I]n the event . . . a regular member of a paid municipal police department . . . suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care . . . . "

[2] "[General Statutes] Sec. 7-274. ESTABLISHMENT OF TOWN POLICE COMMISSIONS. Any town may, by ordinance, establish a board of police commissioners . . . for the purpose of organizing and maintaining a police department in such town. . . ."

The plaintiff has appealed to this court, contending that the review division erred by concluding that the claimant was not a paid member of a municipal police department within the meaning of § 7-433c. We do not agree.

General Statutes § 7-433c provides that "a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, [who] suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability" is entitled to receive workers' compensation benefits. When applying this provision, we are bound to effectuate the intent of the legislature as expressed by the words contained within it; where the terms of a statute are, as here, unambiguous, we cannot speculate as to any unexpressed legislative intent. *Baston* v. *Ricci,* 174 Conn. 522, 528, 391 A.2d 161 (1978); *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 326, 130 A.2d 801 (1957). Applying the express terms of this provision, it is not enough that the plaintiff provided police service to the defendant. Instead, to receive benefits under § 7-433c he must prove that he was "a regular member of a paid municipal police department." This he did not do.

The town of Essex had no organized police department under General Statutes § 7-274. We agree with the conclusion of the review division that § 7-274 is "the only legislatively sanctioned method by which a Connecticut municipality may provide itself police protection through the organization of a police department." The plaintiff, therefore, was not entitled to the compensation benefits under § 7-433c.

There is no error.

In this opinion COVELLO and SPADA, Js., concurred.