[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE INTERVENING COMPLAINT
The plaintiff instituted suit in this negligence case by way of a complaint dated January 6, 1988 naming Paul LaPorte, Nutmeg Concrete Company and Monument Stables Corporation as defendants. The plaintiff allegedly was injured on July 20, 1987 when a tree fell on him at a construction site. At the time of his injury the plaintiff was working for Tri-State Explosives (Tri-State), and he has been paid workers' compensation benefits by Tri-State in connection with his injuries.
On January 28, 1988 the plaintiff, acting through his attorney, sent Tri-State a certified letter advising Tri-State that he had filed this action as a result of the injuries he had received on July 20, 1987. On August 4, 1988 Tri-state filed a motion to intervene pursuant to General Statutes 31-293 seeking reimbursement for workers' compensation benefits paid to the plaintiff as a result of the accident. The plaintiff objected to the motion to intervene on the grounds that it was not filed within thirty days following receipt of the aforesaid notification of the institution of the lawsuit as is required by31-293. On June 19, 1989 this court (Licari, J.) denied the motion to intervene based on the objection raised by the plaintiff
Tri-State then filed an appeal from the denial to the appellate court. After a series of pre-argument settlement conferences with State Trial Referee William C. Bieluch, a settlement between the plaintiff and Tri-State was reached. This agreement was then submitted to and approved by the Worker's Compensation Commissioner for the Third Congressional District on March 29, 1990. The plaintiff and Tri-State also agreed that a new motion to intervene would be filed by Tri-State with the' plaintiff stipulating that he had no objection, and upon approval , of the motion to intervene, the appeal from the earlier denial by Judge Licari would be withdrawn. On June 10, 1990 this court (Celotto, J.) granted the motion for intervention by stipulation to which there was no objection. Tri-State then withdrew its appeal from the ruling by Judge Licari. CT Page 1163
Before the court is a motion to strike the intervening complaint filed by the defendants LaPorte and Nutmeg and joined in by the defendant Monument Stables. In support of the motion, the defendants claim first that the motion to intervene was not filed within thirty days of the notification on January 28, 1988 of the institution of this action, as is required by General Statutes 31-293, and second that the ruling by Judge Licari on June 19, 1990 is the law of the case.
In opposition to the motion to strike, the plaintiff and Tri-State claim that the ruling by Judge Celotto on June 10, 1990 granting the motion to intervene by stipulation is the law of the case and, by not opposing the motion to intervene before Judge Licari, and by not opposing the motion to intervene before Judge Celotto, that the defendants have waived their right to have the intervening complaint stricken.
With respect to the claim of waiver, the failure to oppose a motion to intervene does not amount to a waiver of the right thereafter to attack the intervening complaint by raising whatever legal claims may be appropriate. In addition, the authority of the court acting on a motion to intervene does not depend upon the presence or absence of an objection by an adverse party. See Ricard v. Stanadyne, Inc., 181 Conn. 321.
The primary claim advanced in opposition to the motion to strike is that the decision by Judge Celotto is the law of the case and that this court is bound to follow it. The law of the case doctrine is "not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 525. "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is raised again he has the same right to reconsider the question as if he had himself made the original decision." Rosenblit v. Danaher, 201 Conn. 125, 132.
In this case the court does not believe that the doctrine of the law of the case directly applies. There are two prior contradictory rulings on two motions to intervene. The first ruling denied permission to intervene and the second granted permission. In the first hearing before Judge Licari the plaintiff made this same objection of timeliness now being made on the motion to strike by the defendants. Judge Licari agreed with that objection and denied permission to intervene. One year later Judge Celotto granted a motion to intervene by stipulation of the plaintiff and Tri-State. This court does not believe that it is bound to follow either prior ruling. Both of the prior rulings were made on CT Page 1164 motions to intervene while before this court is a motion to strike the intervening complaint.
The very basic issue that is determinative of the motion to strike is whether the intervening complaint should be stricken because the original motion to intervene was not filed within thirty days from the time that Tri-State received notice from the plaintiff of the institution of this action.
The right of an employer who has paid workers' compensation benefits to an employee who has been injured and who has instituted an action against a third person is governed by General Statutes 31-293(a) which provides in relevant part:
 "If either such employee or such employer brings an action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the Court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. . . ."
The plaintiff and Tri-State have not claimed in opposing the motion to strike that proper notification of this lawsuit was not given or that Tri-State filed a motion to intervene within thirty days of the receipt of said notice.
Since Tri-State failed to move to intervene with the thirty day period proscribed by the statute, its cause of action against the defendants has abated. Winslow v. Lewis-Shepard, Inc.,216 Conn. 533.
The motion to strike is granted.
Hadden, J.