[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S SUMMARY JUDGMENT MOTION
Defendant's summary judgment raises the issue whether General Statutes 31-293 (a) strictly requires an employer to intervene in a lawsuit brought by the employee against a third party tortfeasor to seek reimbursement for Workers' Compensation monies paid to the employee or whether the employer may prosecute a separate civil action for the recovery of such monies. Whatever the employer's stated reasons for pursuing the separate action may be, the statute itself is clear and unambiguous in its requirement that such a claim be pursued by intervention. If the employer "fails to join as a party plaintiff, his right of action against such third person shall abate." General Statutes 31-293 (a). The law is well established that "the employer's failure to intervene in the third party action deprive(s) it of any interest in the employee's third party recovery. . . ." Skitromo v. Meriden Yellow Cab Corporation,204 Conn. 485, 486, 528 A.2d 826 (1987). (Emphasis added).
Intervention is the sole mechanism the law provides for the employer's recovery against a third party tortfeasor for Workers' Compensation benefits paid to the employee of such an employer.
 Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. Main v. North Stonington, 127 Conn. 711, 712 [16 A.2d 356 (1940)]. The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone. DeMartino v. Seimon, 90 Conn. 527, 528 [97 A. 765
(1916)]. Norwalk v. Van Dyke, 33 Conn. Sup. 661, 664 366 A.2d 554 (1976).
 General Statutes 31-293 grants to an employer who has paid workers' compensation a right to join as a party CT Page 4904 plaintiff in actions by employees against third party tortfeasors; Robinson v. Faulkner, 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right right is exercised in a timely fashion. Olszewski v. State Employees' Retirement Commission, 144 Conn. 322, 325, 130 A.2d 801
(1957). Ricard v. Stanadyne, Inc., 181 Conn. 321, 323, 435 A.2d 352 (1980).
Police Department v. Giordano, 3 Conn. App. 450, 452, 488 A.2d 1293
(1985). (Emphasis added). General Statutes 31-293 gives the employer "[t]he right to `join' in" the extant action: intervention is mandatory. Winslow v. Lewis-Shepard, Inc.,216 Conn. 533, 539, 582 A.2d 1174 (1990). See also Gurliacci v. Mayer,218 Conn. 531, 578, 490 A.2d 914 (1991).
The statutory mechanism for employer recovery against a third party tortfeasor is mandatory and not discretionary. Summary judgment is granted.
FLYNN, J.