FACTS
The movant, Houston Stafford Electric Company ("Houston Stafford"), alleges that the injuries of the plaintiff, William Taylor, which are the subject of the present action, arose out of and in the course of the plaintiff's employment with Houston Stafford. Houston Stafford further alleges that pursuant to Chapter 568 of the Connecticut General Statutes, the Workers' Compensation Act, it has paid and may become obligated to pay sums of money to and on behalf of the plaintiff. Houston Stafford also alleges that at the time the plaintiff sustained the injuries which are the subject of the present action, it was insured for workers' compensation with the State of Connecticut. Accordingly, Houston Stafford moves pursuant to General Statutes 31-293
to intervene as co-plaintiff in the present action.
The plaintiff objects to the motion on the ground that it was not made within the time allowed by General Statutes 31-293.
DISCUSSION
 "General Statutes 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; Robinson v. Fuller, 163 Conn. 365, 377, 306 A.2d 857
(1972); provided that the right is exercised in a timely fashion. Olszewski v. State Employees' Retirement Commission, 144 Conn. 322, 325, 130 A.2d 801 (1957)." Ricard v. Stanadyne, Inc., [181 Conn. 321], 322 [, 435 A.2d 352 (1980)]. CT Page 5337
Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537,582 A.2d 1174 (1990). General Statutes 31-293 provides, in pertinent part:
 "`any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against [the tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to [an] injured employee. If . . . such employee . . . brings such an action against such third person, he shall . . . notify the [employer], in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and [the employer] may join as a party plaintiff in such action within thirty days after such notification and, if the [the employer] fails to join as a party plaintiff, his right of action shall abate.'"
Johndrow v. State, 24 Conn. App. 719, 721, 591 A.2d 815
(1991).
The plaintiff has appended to his objection the United States Postal Service Return Receipt which indicates that the plaintiff notified Houston Stafford of the pendency of the present action by certified mail and that Houston Stafford received this notification on January 31, 1992. Thus, the last day on which Houston Stafford could have timely moved to intervene was March 1, 1992.
Houston Stafford's motion to intervene indicates that it attempted to file its motion to intervene on March 2, 1992. A notation on the face of the motion indicates that the clerk returned the motion because no appearance was filed on behalf of Houston Stafford. Houston Stafford properly filed the motion on March 17, 1992.
CONCLUSION
The court denies Houston Stafford's motion to intervene because the motion was not made within the time allowed by General Statutes 31-293 and, accordingly, Houston Stafford's cause of action has abated. CT Page 5338