[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#118) CT Page 6946
The following facts are alleged in the pleadings. The plaintiff, Michael Pinardi, commenced this negligence action against the defendants, Gwinn Realty, Inc. and Southland Corporation. The intervening plaintiff, Superior Heating Cooling ("Superior"), subsequently moved to intervene pursuant to General Statutes Sec. 31-293, part of the Workers' Compensation Act, on the grounds that the plaintiff was in Superior's employ and the injuries which are the basis for the plaintiff's cause of action arose in the course of the plaintiff's employment with Superior and Superior has paid and has become obligated to pay a sum of money to the plaintiff by virtue of the plaintiff's injuries. The court, Arena, J., granted Superior's motion to intervene on October 7, 1991.
The plaintiff now moves for summary judgment against Superior on the ground that Superior's cause of action has abated by virtue of Superior's failure to intervene in the present action within thirty days of notification of the pendency of the present action as provided in General Statutes Sec. 31-293. The pleadings are closed. Both parties have filed memorandum of law and the plaintiff has appended appropriate documentation to his memorandum. Superior has appended no documentation to its memorandum.
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984) (citation omitted). CT Page 6947
 "General Statutes Sec. 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; Robinson v. Fuller, 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. Olszewski v. State Employees' Retirement Commission, 144 Conn. 322, 325, 130 A.2d 801 (1957)." Richard v. Stanadyne, Inc., [181 Conn. 321], 322[, 435 A.2d 352
(1980)].
Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537,582 A.2d 1174 (1990). General Statutes Sec. 31-293 provides, in pertinent part:
 "`any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against [the tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to [an] injured employee. If . . . such employee. . . brings such an action against such third person, he shall . . . notify the [employer], in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and [the employer] may join as a party plaintiff in such action within thirty days after such notification, and, if [the employer] fails to join as a party plaintiff, his right of action shall abate.'"
Johndrow v. State, 24 Conn. App. 719, 721, 591 A.2d 815
(1991).
The plaintiff has appended to its memorandum of law the notice which it supplied to Superior's insurance carrier, American Standards Insurance Carrier, on August 1, 1991. The plaintiff has also appended responses to interrogatories and a request for admissions which indicate that the plaintiff provided notice of the pendency of the present action to Superior on August 1, 1991. CT Page 6948
[General Statutes Sec. 31-293] does not provide that
 notice may be served on the employer's insurance carrier in lieu of serving notice on an employer. . . .
 Failure to notify an employer of pending litigation pursuant to General Statutes Sec. 31-293 allows an employer to enter the action at any point in the proceedings.
Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381,384-85, 544 A.2d 673, cert. denied, 209 Conn. 813,550 A.2d 1083 (1988); Kelley v. Holm, 2 Conn. L. Rptr. 316 (August 29, 1990, Lewis, J.); see also Johndrow v. State, supra. 721 ("[a]n insurance carrier does not constitute an employer for the purposes of intervention within the meaning of General Statutes Sec. 31-293").
Although the responses to interrogatories and the request for admissions supplied by the plaintiff indicate that the plaintiff notified Superior of the pendency of the present litigation, the copy of the notice indicates that the plaintiff failed to notify Superior in a manner conforming with General Statutes Sec. 31-293.
The motion for summary judgment is denied.
HIGGINS, J. CT Page 6949
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6950