[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE (#104) AND MOTION TO STRIKE (#111)
The present matter involves an out-of-state employer seeking to intervene as a co-plaintiff, in the plaintiff, employee's, negligence action against third-party tortfeasors, for reimbursement of workers' compensation benefits paid by the employer to the plaintiff, employee.
On March 9, 1992, the plaintiff, James Spaulding, a New Hampshire resident, filed a one count complaint against the defendants, Teresa Thomas and her employer, the State of Connecticut Department of Transportation. In the complaint, plaintiff alleges that on August 6, 1990, the defendant, Teresa Thomas, during the course of her employment with the defendant, Department of Transportation, was driving a State-owned dump truck on the northbound lane of Interstate 95 located in Old Saybrook, Connecticut. The plaintiff alleges that the defendant, Teresa Thomas, negligently collided with a tractor-trailer, driven by the plaintiff in the course of his employment with Archon Company, Inc., a Massachusetts corporation (hereinafter "Archon"). The plaintiff alleges that he suffered personal injuries as a result of the defendants' CT Page 6384 negligence. The plaintiff has since received workers' compensation benefits from his employer, Archon, through the New Hampshire State Workers' Compensation Act, New Hampshire Revised Statutes Annotated Sec. 281-A:12.
On May 6, 1992, Archon filed its motion to intervene as a co-plaintiff in the plaintiff's action, pursuant to General Statutes Sec. 31-293. On May 13, 1992, the defendants filed their objection to Archon's motion to intervene.
On July 14, 1992, the defendants filed their motion to strike Archon's intervening complaint. Archon opposed the defendants' motion to strike its intervening complaint in a memorandum dated April 23, 1993.[1]
I. Whether Archon can intervene as a co-plaintiff for reimbursement of workers' compensation benefits paid under the New Hampshire State Workers' Compensation Act.
General Statutes Sec. 31-293(a) states in part that:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee.
"[General Statutes Sec. 31-293] is applicable only to Connecticut employers obligated to pay benefits under the Connecticut Workmen's Compensation Act. Olszewski v. State CT Page 6385 Employees' Retirement Commission, 144 Conn. 322, 130 A.2d 801
(1957); Stavola v. Palmer, 136 Conn. 670, 677, 73 A.2d 831
(1950." Greene v. Verven, 203 F. Sup. 607, 611 (D. Conn. 1969).
Although neither Olszewski nor Stavola expressly state that General Statutes Sec. 31-293 is applicable only to Connecticut employers who paid benefits under the Connecticut State Workers' Compensation Act, the language of General Statutes Sec. 31-293(a) states in part that "any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." (Emphasis added) Therefore, by statute, the right to intervene, by an employer, only arises when benefits have been paid through the Connecticut State Workers' Compensation Act.
The issue is not only a matter involving choice of law, but is jurisdictional as claimed by the defendants. The only relationship between this forum and the workers' compensation benefits paid by Archon is that the work-related injury to the plaintiff, employee, occurred in Connecticut. The benefits paid by Archon to the plaintiff were made under the New Hampshire State Workers' Compensation Act. Whatever remedies Archon may have to enforce its lien, against any recovery that the plaintiff may be awarded in the present action, is through the New Hampshire courts, pursuant to the New Hampshire State Workers' Compensation Act, New Hampshire Revised Statutes Annotated Sec. 281-A:13(I)(b).[2]
Therefore, the court denies Archon's motion to intervene on the ground that General Statutes Sec. 31-293(a) only provides an employer the right to intervene where the benefits paid were made under and through the Connecticut State Workers' Compensation Act, General Statutes Sec. 31-275
et seq.
II. Whether the court should grant the defendants' motion to strike Archon's intervening complaint, pursuant to the Practice Book Sec. 151, et seq.
 A motion to strike challenges the legal sufficiency of a pleading. . . [I]t admits CT Page 6386 all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail.
(Citations omitted.) Mingachos v. CBS, Inc., 196 Conn. 91,108-109, 491 A.2d 368 (1985). Further, the court must construe the facts alleged in the pleadings, which is the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest. . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or . . . the legal sufficiency of any prayer for relief. . ., that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book Sec. 155 requires that "[e]ach motion to strike. . . be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book Sec. 155 also states that "[i]f an adverse party objects to this motion he shall. . . file and serve in accordance with Sec. 120 a memorandum of law." The failure to file a timely opposing memorandum of law will not necessarily be fatal. Pepe v. New Britain, 203 Conn. 281,287-88, 524 A.2d 629 (1987) (where the court held that a trial court has discretion to consider an untimely filed opposing memorandum of law in ruling on a motion to strike where the moving party fails to raise an objection); see Fitzpatrick v. East Hartford B.P.O. Elks,3 Conn. L. Rptr. 209, 210 (January 25, 1991, Clark, J.).
In the present case, the defendants failed to raise an objection to Archon's failure to comply with the mandatory provisions of the Practice Book Sec. 155. Although Archon failed to file a timely opposing memorandum of law, it is within the discretion of the court to entertain the merits of the motion to strike. CT Page 6387
The court having denied Archon's motion to intervene, also denies the defendants' motion to strike Archon's intervening complaint as moot.
It is so ordered.
HIGGINS, J.