[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON MOTION TO DISMISS INTERVENING COMPLAINT
The plaintiff has sued Marriott for injuries he allegedly sustained while working at a hotel owned by the corporate defendant. The plaintiff employer, Carter-Wallace, Inc., intervened in the litigation claiming it was the employer of the plaintiff at the time of the incident.
The defendants have now moved to dismiss the intervening complaint of Carter-Wallace, Inc. for lack of subject matter jurisdiction. Such a claim may be raised at any time.
The intervening complaint states Carter-Wallace, Inc. employed the plaintiff, the employment was within the scope of the Connecticut Workers' Compensation Act and his injuries arose out of and in the course of his employment. The complaint further alleges Carter-Wallace, Inc. expended certain monies pursuant to the act (31-293) and intervenes so that it can be reimbursed for amounts it has paid out under that act. A factual hearing must be held on a motion to dismiss, if necessary. Garden Mutual Benefit Association v. Levy, 37 Conn. Sup. 790, 792 (1981). Such a hearing is not necessary in this matter because at oral argument and in its brief counsel for Carter-Wallace, Inc. admitted the facts which permits the court to rule on the motion to dismiss. Also, Carter-Wallace, Inc. responded to a Request for Admission by stating that it paid its employee, the plaintiff, pursuant to the Workers' Compensation Act of the state of New Hampshire. The right CT Page 1156 of an employer to obtain reimbursement for benefits it has paid and thus its right to intervene in its employee's action against another party is based on section 31-293a
which states in relevant part:
 Any employer having paid, or having become obligated to pay compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he had paid or has become obligated to pay as compensation to the injured employee. (Emphasis added)
The benefits paid here were paid pursuant to New Hampshire law. Section 31-293a only provides an employer the right to intervene where the benefits paid were made through the Connecticut State Workers' Compensation Act. Spaulding v. Thomas, 8 CSCR 759, Bogosian v. Mantilla Motors, 14 CLT 30, page 579 (8/1/88). This court has no jurisdiction over the subject matter of the intervening complaint so that it must be dismissed.
The brief of the intervening plaintiff, Carter-Wallace, Inc. points to cases like Bogosian v. Mantilla Motors, supra, Ricard v. Stanadyne, 181 Conn. 321 (1980), Horton v. Meskill, 187 Conn. 187, 197 (1982) for the proposition that a court has broad discretion in allowing a motion to intervene. But a motion to dismiss is before the court not a motion to intervene. Based on the allegations of the intervening plaintiff's complaint and given its admissions, this court can only act on the motion to dismiss. The court cannot refrain from addressing the issue raised by the motion to dismiss by speculating as to what action should be taken on a subsequent motion to intervene based on some theory claiming that Carter-Wallace may enforce rights granted to it by the laws of a foreign jurisdiction in the Connecticut courts. Such a claim does not appear in the four corners of the third party plaintiff's present complaint and a motion to intervene is not before the court.
The motion to dismiss is granted.
Corradino, J.