[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO LIMIT PREEMPTORY CHALLENGESUNDER THE UNITY OF INTEREST RULE
In this personal injury action, the plaintiff's employer, Coastal Painting, which paid worker's compensation benefits, has also intervened as a plaintiff against the defendant. The defendant has moved that the plaintiffs be treated as one party for purposes of the unity of interest rule found in §§ 5-241
and §§ 51-243.
General Statute § 31-293 grants an employer who has paid or become obligated to pay workers compensation to an employee, the right to intervene in an employee's lawsuit against a legally liable third party for reimbursement amounts it has paid or become obligated to pay to the employee.
An employer's right to so intervene is merely derivative and not independent of the employee's right to sue a nonemployer defendant. Mickel v. New England Coal Coke Co., 132 Conn. 671,678 (1946).
Excepting only the employee's attorneys' fee, the statute further provides that if the remaining "damages are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim". The kind of compensation paid for which the employer is entitled to recover includes, inter alia, incapacity payments to a plaintiff injured employee, respectively commonly called TT and the specific; payments to dependents; payments for medical care and burial fees.
Verdicts are now required to be broken down into economic and noneconomic damages. Gen. Stat. § 52-572h(f).
The plaintiff Johnson has asserted that if the verdict is broken not just as to economic damages but also as to whether such damages are past or future, the employer may be limited in its recovery to certain portions of the verdict.
The statutory language found in § 31-293 regarding reimbursement does not seem to encourage such an interpretation since it asserts the priority of the employer's lien over any damages the plaintiff recovers without any limitation on the CT Page 11373 plaintiff's claim, except for an allowance for the plaintiff's attorneys fees which may come off the top.
The defendant has asserted that there is a unity of interest between the plaintiff Johnson and the intervening employer, so that they both should be considered a single party for the purposes of the unity of interest rule found in General Statutes §§ 51-241 and §§ 51-243.
There is but one injury and one injured person's damages. The employer's rights are derivative of and dependent on the injured employee's claim.
 ". . . [T]he employer has a right to take part in a trial in so far as the issues involve the question of the legal liability of the third party to the plaintiff employee and the amount of damages which the employee is entitled to recover for his injuries, but that the amount the employer has paid or become obligated to pay has no bearing upon the issues to be submitted to the jury, and evidence and argument as to that amount should have no place in the trial.
Mickel, supra 680 at 681.
Bearing this in mind, the jury will have no role in determining reimbursement allocations between the plaintiff employee and the intervening employer plaintiff.
The court for all these reasons, rules that the plaintiffs have a unity of interest such that they should be permitted but one party's preemptory challenges, four in number, unallocated as to principal jurors or alternates.
FLYNN, J.