[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION #111, MOTION TO STRIKE
Strike Special Defenses, denied.
This action concerns a matter in which the defendant was performing work at a construction site in the City of Milford, Connecticut. The plaintiff, Cordell Wallace was also performing work at the aforementioned site. The plaintiff alleges that the defendant made available to him a pallet of stone and/or cement blocks and instructed him to use the same on the construction project. The plaintiff Wallace further alleges that while unloading the stone and/or cement blocks, they fell off the pallet and onto him, causing injury.
On August 11, 2000, Tradesource, Incorporated filed a motion to intervene as a coplaintiff pursuant to the state's workers' compensation act. Attached to the motion was the Intervening Complaint of Tradesource, Inc. Tradesource's motion was granted on August 30, 2000.
On November 13, 2000, the defendant filed an Answer to the Intervening Complaint as well as Special Defenses. The Special Defenses provided as follows:
 The plaintiff, Cordell Wallace, was himself negligent CT Page 15941-fy in that he:
 a) failed to properly load and operate the brick cart which he was using at the time of his accident.
b) failed to watch where he was stepping;
c) failed to make reasonable efforts to maintain his balance;
 d) failed to make reasonable use of his senses and faculties under the circumstances then and there existing.
On November 28, 2000, the intervening plaintiff in this matter moved to strike the defendants' Special Defenses to the intervening complaint. By way of its motion the intervening plaintiff asserts that:
 The Special Defense is legally insufficient because the comparative negligence of the plaintiff is an inappropriate defense to raise against the intervening complaint.
It is well settled law in the state of Connecticut that a motion to strike is a proper vehicle to contest the legal sufficiency of a special defense.
 A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); Practice Book § 10-50. In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992); Melanson v. West Hartford, supra, 61 Conn. App. 687.
 Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 13 (2001).
 We take the facts to be those alleged in the CT Page 15941-fz complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Amodjo v. Cunningham, 182 Conn. 80, 83, 438 A.2d 6
(1980). Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . . Edwards v. Tardif, 240 Conn. 610, 620, 692 A.2d 1266 (1997)." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
 Suffield Devel. Assoc. L.P. v. National Loan Inv., 64 Conn. App. 192 (2001).
Section 31-293 of the Connecticut General Statutes concerns the liability of third persons to employer and employee. Subsection 31-293
(a) of this statute provides in pertinent part that:
 . . . When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, CT Page 15941-ga having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee.
Section 31-293 allows both employee and employers to bring an action against a third party who is allegedly responsible for an employee's injuries. However the employer's right or recovery is derivative to that of the employee's. Doucette v. Pomes, 247 Conn. 442, 467 (1999). The employer can recover no more than the employee can. Mickel v. New EnglandCoal Coke Co. 132 Conn. 671, 680 (1946).
Because the employer's right to recover from a third party is derived from the employee's rights, the comparative negligence of the employee can be considered by the trier of fact Morales v. Zeranski,1993 Ct. Sup. 6766 (July 16, 1993, Ballen, J.).
For the foregoing reasons, the special defenses pled by the defendant are not legally insufficient, therefore the intervening plaintiffs Motion to Strike is denied.
Richard A. Robfnson, J.