[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE THIRD-PARTY DEFENDANT'S MOTION TO STRIKE (126)
The town of Hamden commenced this action against the defendant William Higgins, on or about December 20, 1989. In its complaint the town refers to an accident which occurred on January 1, 1988, at approximately 10:06 p.m. involving a police vehicle and a vehicle operated by the defendant Higgins. At that time and place, the defendant's vehicle came into contact with the right rear portion of the police car containing the police officer, an employee of the town of Hamden. As a result of the collision between the two vehicles, the employee, a police officer, was injured.
As a result of this personal injury incurred by the police officer during the course of his employment, the police officer received workers' compensation benefits from his employer, the plaintiff town, in the amount of $3,828.96. In this action the plaintiff town of Hamden seeks reimbursement for benefits paid in the amount of $3,828.86 pursuant to Connecticut General Statutes 31-293.
The defendant William Higgins filed a third-party complaint against the employee police officer on March 5, 1991. In his complaint the defendant (third-party plaintiff) alleged that prior to bringing suit but subsequent to receiving workers' compensation benefit, Stephen Cahill, the employee of the town of Hamden, negotiated a settlement of his claim with the defendant in the amount of $10,000. Third-party plaintiff alleges that Cahill failed to notify the plaintiff town of Hamden of the settlement prior to signing a release which released the defendant from all liability, and that despite receipt of this $10,000 from the defendant William Higgins, the employee failed to reimburse the plaintiff town of Hamden for amount paid to him pursuant to workers' compensation.
The defendant (third-party plaintiff) alleges that Cahill, the employee, violated Connecticut General Statutes31-293 and the Connecticut common law by failing to reimburse the plaintiff town of Hamden the amounts paid by the plaintiff town of Hamden to him pursuant to workers' compensation and is CT Page 9013 therefore liable to him in indemnification for any sum found due to plaintiff from the defendant in the first party action.
In the second count of the third-party complaint the defendant third-party plaintiff alleges that as a result of receiving settlement proceeds from William Higgins Stephen Cahill became a constructive trustee of the portion of such proceeds previously paid to him by the plaintiff town of Hamden pursuant to worker' compensation. The third-party plaintiff predicates the second count on the theory of a constructive trust alleging that the third-party defendant Stephen Cahill breached his fiduciary duty as constructive trustee by failing to reimburse the plaintiff town of Hamden all amounts previously received by him because of his compensation claim.
The third-party defendant Stephen Cahill moves to strike the first count of the third-party complaint on the grounds that he is under no duty to reimburse the town of Hamden for worker, compensation benefits paid to him by the town. He also moves to strike the second count of the complaint which sounds in constructive trust on the grounds that the facts alleged are insufficient to form the basis of a constructive trust.
Section 31-293 of the Connecticut General Statutes provides in pertinent part that any employer having paid or having become obligated to pay compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or become obligated to pay as compensation to such injured employee. No such compromise with such third person by either the employer or the employee shall be binding upon or affect the rights of the other unless assented to by him.
Having brought an independent action within the statutory period, Hamden has a good and valid claim against Higgins which is not affected by Cahill's release. Red Star Express of Auburn, Inc. v. Dennis A. Corano, Administrator of the Estate of Steven Corano, 3 Conn. L. Rptr. No. 4122 (January 21, 1991).
In support of his contention that he had no duty to notify the town of Hamden of the settlement or no duty to reimburse the town of Hamden for the workers' compensation payments that it paid him, the employee Stephen Cahill, third-party defendant, relies upon the case of Norwalk v. Van CT Page 9014 Dyke, 33 Conn. Sup. 661. In Norwalk the employee and the employer had executed a voluntary written agreement providing for workman's compensation. Thereafter, the defendant employee instituted suit against the third party and obtained a verdict of $75,000. The employee's case was settled for $70,000 in order to avoid an appeal. Before the verdict was rendered the plaintiff moved to intervene in the third-party action, but the motion was denied because it had not been filed within the time allowed by31-293 of the General Statutes. Subsequently, the city of Norwalk brought an action against the employee to obtain reimbursement for the sum paid in accordance with the workman's compensation agreement.
The trial court rendered a judgment for the plaintiff city of Norwalk. The trial court also concluded that the employer had a substantive right of reimbursement and that whether he had followed the exact method of enforcing that right as proscribed by the statute made no difference.
On appeal to the appellate session of the Superior Court, Judge Shea found that the cause of action (reimbursement for worker's compensation payments paid by an employer to an employee) was unknown at common law. He determined that the only basis for a reimbursement to an employer for compensation paid to an employee was that created by statute 31-293 and was limited to intervening in any action brought by the employee against a tortfeasor or to bringing an action against such other person [the third-party tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. The statute itself contains no authorization for a suit directly against an employee for reimbursement in instances where the employee has unilaterally settled with the tortfeasor.
The third-party plaintiff claims that Rosembaum v. The Hartford News Company, 92 Conn. 398 is authority for the proposition that an employee who receives workers' compensation benefits from his employer must reimburse his employer out of the proceeds received from a settlement reached prior to filing suit. He reasons that otherwise an injured employee receiving substantial workers' compensation benefits would have an incentive to settle his case without filing suit simply to avoid having to reimburse the employer. He argues that the employee may not double dip, he may not collect from third-party tortfeasor and the employer for the same injuries.
CT Page 9015 Rosembaum v. Hartford News is authority for the principle that payments received in settlement of the employee's claim against the third party discharged the employer pro tanto from his inchoate liability to pay future compensation. It goes no further than that. It is true that by settling a personal injury case against a third party tortfeasor an injured employee does foreclose the employer's right to intervene in a third-party action. However, the statute gives the employer a right to sue independently as was done in this particular case. Although one purpose of 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights. There is nothing in either of the two counts of the third-party complaint which indicates that the injured employee, the third-party defendant, made any representation or misrepresentation to the third-party plaintiff that caused the third-party plaintiff to change his position. A tortfeasor negotiating a settlement with an employee who is eligible for worker's compensation benefits does so with the knowledge that the statutory law exposes him to direct action by the employee's employer and thus must be vigilant in protecting his legal rights. The third-party complaint fails to allege such vigilance.
Neither Section 31-293 nor the common law authorizes an action by a tortfeasor against an employee who has failed to notify his employer that he has settled his case nor does it authorize an action against the employee by the employer for such reimbursement. City of Norwalk v. Van Dyke, 33 Conn. Sup. 661. The effect of a verdict against the third-party defendant in this case would be to permit the city to obtain reimbursement from the employee indirectly despite the prohibition of section 31-293, which forbids direct actions against employees for such reimbursement. For these reasons, the third-party defendant's motion to strike is granted as to both counts.
DORSEY, J.